[No. 2449.  Decided July 16, 1897.]

J. F. RAMAGE, *Respondent*, v. A. J. LITTLEJOHN, *Appellant*.

TRIAL — EXCLUSION OF EVIDENCE — MATERIALITY — ALLOWANCE OF ATTORNEY'S FEE — PRESUMPTION OF CONTRACT — REBUTTAL.

Where evidence is uncontradicted, the exclusion of other evidence tending to corroborate it is not prejudicial error.

In an action to recover an attorney's fee which had been allowed in an action, the presumption is that the fee was fair and reasonable between the party and his attorney and that there was a contract of employment between them, and the burden is upon defendant to overthrow the presumption and establish that the compensation was to be paid by another than the nominal plaintiff in the original action.

Appeal from Superior Court, Pierce County.—Hon. W. H. PRITCHARD, Judge.  Affirmed.

*Sharpstein & Blattner*, for appellant.

The opinion of the court was delivered by

REAVIS, J.—G. W. Van Fossen and respondent were

attorneys at law in Tacoma and in 1891 brought an action and obtained judgment in a suit, wherein the appellant was plaintiff and Duncan & Brown, defendants, in the superior court of Pierce county. There was an attachment pending the action procured by plaintiff, and in the judgment the sum of $460 was allowed plaintiff as attorney's fees. Respondent, as the assignee of Van Fossen and for himself, brought suit against appellant in the superior court alleging the rendition of the legal services in the suit mentioned and alleging that the services were performed for appellant, and that the defendant promised and agreed to pay for them the sum of $466. There were in the complaint allegations of other services by respondent for appellant. Appellant answered denying generally all the allegations of the complaint, and alleging payment for whatever services respondent had performed as attorney for appellant.

The errors assigned by appellant are upon instructions given to the jury and the rejection of testimony tendered by appellant. Appellant offered in evidence the judgment roll in the case of *Littlejohn v. Duncan & Brown*, and particularly the writ of attachment, for the purpose only of enabling the jury to compare the signature of Peter O. Butts on the affidavit for attachment, and, upon objection, the court excluded this testimony. Upon cross-examination the respondent testified relative to the affidavit for attachment as follows:

" I recognize the paper handed me, which is the affidavit for attachment on file in the case of *Littlejohn v. Duncan & Brown*, and notice that there is an erasure under the name of A. J. Littlejohn in the title. Also an erasure where Mr. Littlejohn's signature appears. I do not know anything about that paper. It is not my handwriting, but it is the affidavit upon which the writ of attachment was issued."

This was all the testimony of the respondent concerning

this paper, and was upon his cross-examination. The appellant testified in his own behalf that his suit against Duncan & Brown was upon promissory notes indorsed to him by Peter O. Butts, and one such note so indorsed was introduced in evidence and is an exhibit here. The testimony of appellant tended to show that Peter O. Butts and not himself had employed the respondent and Van Fossen to conduct the suit against Duncan & Brown, and that it was conducted in the name of appellant because of some indebtedness from Butts to appellant, and to adjust matters between them. Appellant there testified in his own favor that such an understanding existed between himself and Van Fossen. The testimony of the respondent was that he himself had prepared all the papers and conducted the litigation in the action of *Littlejohn v. Duncan & Brown*, and that Littlejohn was to pay the attorney's fee. It is not understood that the affidavit of attachment upon which the writ was issued in that case was material in the case at bar. Appellant had testified that some papers had originally been prepared in Butts' name as plaintiff and these were changed so that appellant appeared as the plaintiff. This was uncontradicted by respondent, and we do not see of what value the signature of Butts to the affidavit for the attachment would have been to the defendant as tending to contradict the employment of Van Fossen and respondent by appellant, or to rebut any testimony offered by respondent.

The court in substance instructed the jury that the amount allowed as attorney's fee to plaintiff in the action of *Littlejohn v. Duncan & Brown* raised a legal presumption that such attorney's fee was fair and reasonable between the party and his attorney, and that the presumption was raised that Van Fossen and respondent were employed by defendant to prosecute the action, but the court

also instructed that while this was a presumption which arose upon the facts, it was a presumption that might be contradicted by evidence of an agreement between the attorneys and their client, contrary to such presumption; that is, that it might be overcome by evidence showing that such an inference should not be drawn from the facts of the record in the case of *Littlejohn v. Duncan & Brown,* and also instructed that the appellant must establish by a preponderance of evidence that the parties made an agreement other than as presumed from the record in the case and that the compensation must be paid by another than the plaintiff in that case.

We do not observe any error in the instructions given to the jury by the superior court. The issue submitted to the jury was one of fact under correct instructions from the court, and the testimony was conflicting. The jury having found in favor of respondent, it is not the province of the court to weigh the testimony or disturb the finding.

Judgment affirmed.

Scott, C. J., and Anders, Gordon and Dunbar, JJ., concur.